UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADENIKE ADEBIYI,<br><br>                                        **Plaintiff,**<br><br>-against-<br><br>DR. JOHN TANNER, et al.,<br><br>                                        **Defendants.** | 1:24-cv-08472 (ALC)<br><br><u>TRANSFER ORDER</u> |

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff, appearing *pro se*, brings this action against several medical professionals, who reside in Florida, and the Florida Department of Health for injuries which occurred in Florida. *See* ECF No. 1 at 4–6. After reviewing the complaint, the Court issued an order to show cause ("OSHOW") why this matter should not be dismissed or transferred to the Northern District of Florida. ECF No. 6. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Northern District of Florida.

## DISCUSSION

Venue is governed by 28 U.S.C. § 1391(b), which provides that a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is

subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

All of Plaintiff's injuries occurred in Florida. *See* ECF No. 1 at 5–6. Because Plaintiff does not allege that a substantial part of the events giving rise to these claims occurred in this District, this court is not a proper venue under Section 1391(b)(2). Defendants John Tanner, Jack Abramson, and Miranda Bullington are all residents of Florida. *See* ECF No. 9 at 10; *see also* ECF No. 1 at 4–5 (listing addresses in Florida where Defendants could be served). The Florida Department of Health is situated in Tallahassee, Florida, which is in the Northern District of Florida. *See* 28 U.S.C. § 89(a). Therefore, venue is also not proper in this District under Section 1391(b)(1). Additionally, as all Defendants are residents of the same state, venue is also improper under Section 1391(b)(3).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). All Defendants reside in Florida and the Florida Department of Health resides within the Northern District of Florida. *See* 28 U.S.C. § 89(a). Accordingly, venue lies in the Northern District of Florida, 28 U.S.C. § 1391(b)(1), and in the interest of justice, the Court transfers this action to the United States District Court for the Northern District of Florida under 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is respectfully directed to transfer this action to the United States District Court for the Northern District of Florida. Defendants' motion to dismiss, ECF No. 9, is denied without prejudice to renewal in the Northern District of Florida after transfer.

**SO ORDERED.**

  **Dated:  April 25, 2025**
             **New York, New York**

                                                    **ANDREW L. CARTER, JR.**
                                                    **United States District Judge**